AF14-0356

FILED

July 20 2015

*Ed Smith*
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: AF 14-0356



## Rule 1 – Scope, Purpose and Title

a) Scope. These rules apply to all of the functions, responsibilities, and proceedings of the Judicial Standards Commission involving the removal, retirement, suspension, censure, reprimand, or other discipline of judges pursuant to Section 11, Article VII of the Montana Constitution, and the provisions of Title 3, Chapter 1, Part 11, MCA.

b) Purpose. The purpose of the Judicial Standards Commission and these rules is to protect the public from improper conduct or behavior of judges; preserve the integrity of the judicial process; maintain public confidence in the judiciary; create a greater awareness of proper judicial conduct on the part of the judiciary and the public; and provide for the expeditious and fair disposition of complaints of judicial misconduct.

c) Title. These rules shall be known as the Procedural Rules of the Judicial Standards Commission and may be abbreviated as "PRJSC".

## Rule 2 – Definitions

In these rules, unless context or subject matter otherwise requires:

(a) "Commission" means the Judicial Standards Commission of the State of Montana.

(b) "Judge" means the Chief Justice, Supreme Court Justice, District Judge, Justice of the Peace, City Judge, Municipal Court Judge, Standing Master, Small Claims Judge, Judge *Pro Tempore*, or Special Master appointed by a District Judge. "Judge" does not include an administrative law judge or hearings officer appointed by the legislature or any department or commission.

(c) "Chairperson" includes the Acting Chairperson.

(d) "Shall" is mandatory. "May" is permissive.

(e) "Mail" and "Mailed" include ordinary or postal mail, personal delivery, and email, provided the parties agree to notification by email.

(f) "Registered mail" means either registered or certified mail deposited with the United States Postal Service with postage prepaid and with a request for a return receipt.

(g) "Oath" is synonymous with "affirmation" and "swear" is synonymous with "affirm".

(h) "Supreme Court" means the Montana Supreme Court.

## Rule 3 – Organization of the Commission

(a) The Commission shall select from its members a Chairperson, a Vice Chairperson, and such other officers as the Commission may consider necessary and proper in carrying out its functions and duties, who shall serve at the pleasure of the Commission. A member may be selected for more than one office.

(b) The Chairperson or designee of the Chairperson shall preside at the meetings of the Commission as well as at formal hearings concerning the conduct or disability of a judge. In the event the Chairperson is absent or is otherwise unable to attend a meeting or to

perform the duties of Chairperson, those duties shall be performed by the Vice Chairperson, and in the absence of the Vice Chairperson, by a member of the Commission designated by the members who are present.

(c) Any member of the Commission is authorized to administer oaths or affirmations to all witnesses appearing before the Commission.

(d) All records of the Commission shall remain confidential except as hereinafter specified and shall be under the exclusive and continuing control of the Judicial Standards Commission and its staff. In the conduct of the business of the Commission, including the appointment of an investigator or attorney, and to facilitate the coordination of investigations with other agencies, the Commission is authorized to utilize the same personnel that are involved in an agency investigation of the same factual allegations of misconduct or disability that is before the Commission to avoid duplicative expense relative to investigation. The Chief Justice of the Supreme Court and the Supreme Court Administrator are allowed access to investigative files and may address the Commission on matters under investigation impacting the judicial branch. The permission of the Chairperson of the Commission is required prior to the release of records to anyone other than Commission members, the Chief Justice, or the Supreme Court Administrator.

(e) The records of the Commission shall be maintained in the Court Administrator's office pursuant to these rules.

(f) Records concerning a complaint against a judge, other than a formal complaint ordered filed by the Commission as hereinafter set forth or records of discipline imposed as described in these rules, shall be maintained for ten (10) years after such judge has ceased to act as a judicial officer. At the expiration of ten (10) years, such records may be destroyed. Records concerning a formal complaint filed against a judge, and records of discipline administered as described in these rules, shall be maintained during the lifetime of the judge named therein.

## Rule 4 – Staff of the Commission

(a) The Court Administrator shall select an Executive Secretary whose duty it shall be to record minutes of the meetings and hearings which shall be a permanent record of the actions of the Commission. The Executive Secretary shall be responsible for the custody and safekeeping of all the records of the Commission. The Executive Secretary shall promptly furnish to members of the Commission copies of all complaints, notices, answers and other documents filed in connections with proceedings before the Commission. The Executive Secretary's salary and benefits are established by the Judicial Branch Pay Plan pursuant to §3-1-130, MCA.

(b) The Commission may appoint a qualified adult to investigate charges against a judicial officer and to report findings to the Commission, and to otherwise assist the Commission in its inquiry into the conduct or disability of a judicial officer.

(c) The Commission may appoint an attorney licensed to practice law in the State of Montana to marshal and present evidence, to file a formal complaint, and to prosecute a formal complaint before the Commission in its inquiry into the conduct or disability of a judicial officer.

(d) An individual or attorney appointed by the Commission under (b) or (c) above shall be paid as determined from time to time by the Commission from funds provided for the operation of the Commission.

## Rule 5 – Meetings

(a) The Commission shall meet four (4) times a year or more often as the business of the Commission shall require.

(b) The Chairperson may, and upon the request of three members shall, call a meeting of the Commission. The Chairperson shall give reasonable notice to each member by telephone or other means of the time and place of the meeting.

(c) A quorum for the transaction of business of the Commission shall be three members and no action of the Commission shall be valid unless agreed to by no less than three members thereof.

(d) Decisions by the Commission to conduct an investigation of a judge, order a judge to submit to a physical examination, proceed against a person for contempt for failing to respond to a subpoena of the Commission, issue a public opinion or statement, hold or dispense with a formal hearing, hear additional evidence, make a report to the Supreme Court recommending removal, retirement, or other discipline of a judge, or determine after a formal hearing not to make such a report, shall be made at a meeting of the Commission. Other matters before the Commission may be determined by communication among the members of the Commission, but a report of such action shall be made by the Chairperson at the next meeting of the Commission and entered in the minutes of that meeting.

## Rule 6 – Interested Members of Commission

In the event a judicial officer who is a member of the Commission is disqualified by the terms of § 3-1-1108, MCA, or recuses himself or herself from acting in a particular proceeding, the Chairperson may appoint another judge from a court of record to act as a member of the Commission to sit and act in the place of the disqualified or recused judge.

3

In the event a lay member of the Commission recuses himself or herself for a particular proceeding, the Chairperson of the Commission, or in the Chairperson's absence, the Vice-chair, may appoint a qualified adult citizen of the State of Montana to act as a member of the Commission for the recused lay member. The Commission may proceed in the absence of not more than two members.

## Rule 7 - Proceedings Confidential

(a) All papers filed herewith and all proceedings before the Commission shall be confidential while pending before the Commission. A Complaint dismissed by the Commission under Rule 10(e)-(f) is no longer confidential, and a complainant may disclose the complaint and the Commission's response. If an investigation results in formal proceedings, then the record filed by the Commission with the Supreme Court loses its confidential character upon its filing. Further, a proceeding loses its confidentiality if §§ 3-1-1121 through 1126, MCA, are invoked in accordance with the terms thereof.

(b) All notices, pleadings and papers mailed to a judge and to other persons pursuant to these Rules shall be marked "personal and confidential."

(c) Every witness in every proceeding under these Rules shall be sworn to tell the truth and not to disclose the existence of the proceeding or the identity of the judge until the proceedings are no longer confidential under these rules. Violation of the confidentiality proceedings may result in summary dismissal of the complaint.

(d) If a judge voluntarily retires or resigns prior to the institution of formal proceedings, and agrees not to act as a judge at any time in the future, all proceedings against such judge shall terminate, or, in the discretion of the Commission, may be held in abeyance to a date certain determined by the Commission, and the files of the Commission concerning said judge shall remain confidential.

(e) A judge shall, upon request, be given all information concerning complaints that have been filed against the judge.

## Rule 8 – Immunity

Members of the Commission, investigators, special or appointed counsel, and staff members shall be immune from suit for any conduct in the course of their official duties. All persons referenced above are deemed officers and/or agents of the Commission for all purposes mentioned in these rules.

## Rule 9 – Jurisdiction and Grounds for Discipline

(a) The Commission shall have jurisdiction over the conduct of all judges and standing masters as defined herein, including part-time judges, and those retired district judges that may be called to hear cases as provided by § 19-5-103, MCA. Jurisdiction of the

Commission also extends to conduct that occurred while a judge is in office, or acting as a retired judge, and may include conduct that is not in connection with judicial duties.

(b) Grounds for discipline or removal include, but are not limited to:

(1) Any disability that seriously interferes with the performance of the officer's duty and is or may become permanent;

(2) Willful and persistent failure to perform judicial duties, including consistent failure to make decisions in a timely manner;

(3) Willful misconduct in office;

(4) Impropriety or other conduct prejudicial to the administration of justice that brings the judicial office into disrepute;

(5) Habitual intemperance;

(6) *Ex parte* communications except as allowed by statute or rule; or

(7) Violation of the provisions of the Code of Judicial Conduct adopted by the Supreme Court.

(c) The Commission may impose, or recommend to the Supreme Court, the following:

(1) *Admonition*: A private communication from the Commission to a judge reminding the judge of ethical responsibilities and giving a warning to avoid future misconduct or inappropriate practices. An admonition may be used to give authoritative advice and encouragement or to express disapproval of behavior that suggests the appearance of impropriety even though it meets minimum standards of judicial conduct.

(2) *Private Reprimand*: A private communication from the Commission to a judge that declares the judge's conduct unacceptable under one of the grounds for judicial discipline but not so serious as to merit a public sanction.

(3) *Public Reprimand*: A public reprimand administered by the Supreme Court, upon report and recommendation of the commission, which declares a judge's conduct unacceptable under one of the grounds for judicial discipline but not so serious as to warrant a censure.

(4) *Censure*: A public declaration by the Supreme Court that a judge is guilty of misconduct that does not require suspension or removal from office. Censure may be ordered in conjunction with other sanctions.

(5) *Suspension*: A decision by the Supreme Court to suspend a judge from office temporarily, with or without pay, for serious misconduct that merits more than censure but less than removal. This sanction is flexible, and there are no restrictions on the length of a suspension.

(6) *Removal*: A decision by the Supreme Court to remove a judge from office for serious misconduct.

(7) *Permanent Removal*: A decision by the Supreme Court to remove a judge permanently from office for serious misconduct and declares that such person may never again hold a judicial office in the State of Montana.

(8) *Retirement*: A decision by the Supreme Court to retire a judge for a disability that seriously interferes with the performance of judicial duties that is or is likely to become permanent.

## Rule 10 – Complaints – Initial Investigations

(a) Written complaints to the commission shall be submitted substantially as provided on the attached "Form A". Complaints shall be lodged with the Executive Secretary of the Commission.

(b) A written complaint shall not be a prerequisite to initiation of disciplinary proceedings that the Commission, in its discretion, deems appropriate.

(c) Upon receiving a complaint or otherwise receiving information alleging judicial misconduct or that the commission should take some action, the Commission may request written comments from the judge with respect to the matters involved as the judge may wish to make, or may request a response from the judge. At the discretion of the Commission, the Commission may conduct an investigation into the conduct or condition of the judge for the purpose of determining whether formal proceedings should be instituted and a hearing held with or without provision of notice or other information to the judge. However, prior to any determination that a formal hearing will be held, the judge shall be sent a copy of the complaint, or a synopsis of the matters to be or that have been investigated, and the judge shall thereafter have reasonable opportunity to provide a statement to the Commission as the judge considers appropriate. The judge may elect to make the statement personally or through counsel, verbally or in writing, and the statement may or may not be given under oath. In exercising this right to respond, the judge shall not have the right to call witnesses or to confront or cross-examine the person making the complaint or any person interviewed by the Commission or its duly authorized representative. After notification from the Commission, if the judge does not respond within a reasonable time or within the time fixed by the Commission, the right to make a responsive statement shall be deemed waived.

(d) In making an investigation, the Commission shall have the authority to issue subpoenas for witnesses to appear before the Commission or its representative for the purpose of making a sworn statement and may also issue subpoenas for the production of books, papers and other evidence that may be pertinent to the Commission's inquiry.

(e) Whenever the Commission reaches the conclusion that facts developed upon an initial investigation fail to show any reason for the institution of disciplinary proceedings, the Commission shall dismiss the complaint, terminate the inquiry, and so advise the

6

complainant. At the same time, the complainant shall be informed of the confidentiality provisions of Rule 7. The Commission shall also notify the judge of the Commission's decision.

(f) A complaint may be summarily rejected and dismissed by the Commission if, in the judgment of the Commission, the complaint fails to state adequate grounds for disciplinary proceedings or is a matter for appellate review. The Commission may, but it is not required to, advise the judge of the summary dismissal of the complaint.

(g) After receipt of a complaint or of information indicating that a judge may have engaged in judicial misconduct, or that a judge may be disabled, the Commission, before voting to hold a formal hearing, may delegate to one or more of its members or to the Commission's attorney or investigator, the authority and responsibility to personally and confidentially confer with the judge subject to the inquiry, and to make informal recommendations to the judge or to the judge's attorney concerning the subject matter of the inquiry and a satisfactory disposition thereof. If the judge agrees to the Commission's suggested disposition, the matter may be disposed of on the basis of the agreement reached. If the agreed disposition is to be made public, the Commission shall file a report of such disposition in the office of the Clerk of the Supreme Court and the disposition shall become a matter of public record.

(h) The Commission may at any time entertain and act upon a proposal from a judge for disposition of any matter pending before the Commission concerning such judge. If the proposal is made after the filing of a formal complaint, and is acceptable to the Commission, a report thereof shall be filed in the office of the Clerk of the Supreme Court, and the report shall be a matter of public record.

## Rule 11 – Formal Complaint

(a) If, after an initial investigation, a majority of the Commission find grounds to conduct formal proceedings concerning a complaint or other facts brought to the attention of the Commission, the Commission shall appoint an attorney, as provided in Rule 4(c), to file a formal complaint against the judicial officer in the office of the Clerk of the Supreme Court and to prosecute the formal complaint before the Commission.

(b) Upon the filing of a formal complaint, the complaint and all proceedings subsequent to its filing are not considered confidential and shall become a matter of public record.

## Rule 12 – Procedure on Formal Complaint

(a) The formal complaint shall be styled substantially as provided on the attached "Form B" and shall state the name(s) of the complainant(s), the nature of the alleged grounds for discipline, the time of actions giving rise to alleged wrongdoing and a brief summary of the facts upon which allegations of misconduct are based.

7

(b) A notice of the filing of the formal complaint together with a copy of said complaint shall be served on the judge. The notice shall advise the judge of the name, address, and telephone number of the attorney appointed by the Commission and of the right to file a written response with the Clerk of the Supreme Court within fifteen (15) days after the complaint has been served upon the judge.

(c) Service of the notice and copy of the formal complaint shall be made on the judge by personal service as provided in Rule 4(d)(2), (3), M.R.Civ.P. Service of the notice and copy of the complaint may be acknowledged by the judge or the judge's attorney. Service and filing of orders, pleadings, and other papers shall be made as provided in Rule 5, M.R.Civ.P.

(d) The judge may file a written response to the allegations of the formal complaint, within fifteen (15) days after service. Thereafter, the Commission may set a hearing on the complaint. The hearing shall be set no sooner than thirty (30) days after the time for filing a response has expired or after a response is filed. The hearing shall be set as promptly as possible considering the particular circumstances of the matter.

(e) The Chairperson shall appoint a member of the Commission, who may be the Chairperson, to hear and determine preliminary matters prior to hearing, set dates, make necessary rulings, make discovery orders, order subpoenas issued, and make such orders as are necessary to assure the hearing is conducted promptly and that both the complainant and the responding judge have opportunity to fully and fairly prepare for the hearing. The orders of the member selected shall have the same force as an order of the Commission unless quashed by a majority of the members thereof.

(f) The responding judge shall, upon request, be provided access to the information upon which the formal complaint is based, including the initial complaint, statements of the complainant, witnesses, and other physical and documentary evidence. The responding judge shall, upon request, be provided with the names and last known address of witnesses that shall be called to testify at the hearing together with copies of all evidence the attorney appointed by the Commission intends to introduce at the hearing. The judge shall, upon request, provide the attorney appointed by the Commission with the names and addresses of the witnesses the judge intends to call to testify at the hearing, together with copies of all documentary evidence intended to be introduced by the judge at the hearing. Except as specifically stated in these rules, discovery procedures contained in the Montana Rules of Civil Procedure and Montana Code of Criminal Procedure do not apply to proceedings before the Commission. Depositions may be taken only upon order of the Commission upon application showing the necessity therefor. Other discovery procedures such as interrogatories, requests for admissions, or requests for production may be undertaken only upon order of the Commission after application and a showing of the necessity therefor.

8

(g) Upon written request, the Commission may direct the Clerk of the Supreme Court to issue subpoenas that may be served as provided in Rule 45, M.R.Civ.P., except the clerk shall not be required to issue any subpoena except upon direct order of the Commission. Payment of witness fees and mileage shall be as provided for witnesses in a district court proceeding.

## Rule 13 – Hearing on Formal Complaint

(a) At the time and place set for hearing, the attorney appointed by the Commission shall present the case in support of the charges in the formal complaint.

(b) A verbatim record shall be made of the hearing by stenographic or other means. The Commission may, in its discretion, order that a transcript of the proceedings be made. When a transcript of the hearing has been prepared at the expense of the Commission, a copy thereof shall, upon request, be available for use by the judge and counsel. The judge shall have the right, without any order or approval, to have all or any testimony in the proceedings transcribed at the judge's expense.

(c) The Chairperson or designee shall preside at the hearing. The hearing shall be conducted according to the Montana Rules of Evidence.

(d) The responding judge shall appear at the hearing and may, in the judge's discretion, testify at the hearing.

(e) The attorney appointed by the Commission shall have the burden of proof and shall open and close the evidence. Any misconduct or incapacity alleged against the responding judge must be proven by clear and convincing evidence as defined by § 27-1-221(5), MCA. The responding judge shall have the right, but is not required, to present evidence in defense of the complaint.

(f) At the conclusion of the hearing, the Commission may order further written arguments or submissions as it deems appropriate, including proposed findings of fact and conclusions of law. Thereafter, the matter shall be deemed submitted for decision, unless the Commission orders otherwise.

(g) Deliberations of the Commission shall be confidential. The Commission shall render its decision, and any recommendation(s) to the Supreme Court in writing. The Commission's decision shall be filed in the office of the Clerk of the Supreme Court and the charges dismissed or recommendation(s) transmitted to the Court, whichever is necessary.

(h) Should less than a majority of the commission vote affirmatively for the censure, suspension, retirement, or removal of a responding judge, the formal complaint shall be

9

dismissed in favor of the judge, who shall be entitled to the costs paid or incurred for subpoenas, witness fees and mileage, and any depositions ordered by the Commission. Any costs payable under this rule shall be paid from funds allocated by the office of the Supreme Court Administrator to the Commission for the discharge of the Commission's constitutionally prescribed duties.

## Rule 14 – Interim Disqualification of Judicial Officers

Upon the Commission's filing with the Supreme Court a recommendation that a judicial officer be removed or retired, the judge shall forthwith be disqualified to serve as a judicial officer, without loss of salary, pending the Supreme Court's review of the record and proceedings, and its order thereon. Section 3-1-1109(2), MCA. If a judge is reinstated to office, the terms of the reinstatement shall be as ordered by the Supreme Court.

## Rule 15 – Effective Date and Amendment

(a) These rules shall be approved by a majority of the Commission and filed in the office of the Clerk of the Supreme Court. The rules shall be effective upon approval thereof by the Commission or, if required, by the Supreme Court. Amendments hereto may be made from time to time by the Commission, and such amendments shall be approved by a majority of the Commission and filed in the office of the Clerk of the Supreme Court. The amendments shall become effective upon approval thereof by the Commission or, if required, by the Supreme Court.

(b) Upon approval of these rules or amendments thereto, all previous rules or amendments of the Judicial Standards Commission inconsistent therewith are repealed.

Approval certified this 17th day of July, 2015.

**Judicial Standards Commission**

Blair Jones - Chairman

10